IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **WILLIS PRICE; KEVIN KERR;** ) <br> **and DEUNTA YOUNGBLOOD,** ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> **CITY OF MEMPHIS** *ex rel* ) <br> **MEMPHIS POLICE DEP'T,** ) <br>  ) <br> Defendant. ) | Case No. 2:17-cv-02772-JTF-cgc |

**AMENDED ORDER GRANTING JOINT MOTION TO CERTIFY QUESTION TO TENNESSEE SUPREME COURT**

Before the Court is Plaintiffs and Defendant City of Memphis's Joint Motion to Certify Question to Tennessee Supreme Court; the Motion was filed on December 1, 2017. (ECF No. 30.) Intervenor Bradley Jetmore filed his Response in opposition to the Motion on December 7, 2018. (ECF No. 31.) For the reasons articulated below, the Court finds that the parties' Motion should be GRANTED.

**FACTUAL BACKGROUND**

This dispute arises from Defendant disclosing to third parties information acquired in relation to traffic accidents involving the named Plaintiffs. The Court's analysis below considers the following factual allegations, as articulated in Plaintiffs' Amended Complaint. Plaintiffs Willis Price and Kevin Kerr are residents of Tennessee, and Defendant City of Memphis, *ex rel* Memphis Police Department, is a municipal city corporation organized under the laws of the State of Tennessee. (ECF No. 6, 2:3–2:4, 3:7.) Intervenor Bradley Jetmore is someone who

routinely requests the records at issue in this case for commercial purposes. (*See* ECF No. 18, 1; ECF No. 20, 3, 10.) Plaintiffs each drove a motor vehicle (registered to their person in the State of Tennessee) that was involved in a different traffic accident within Shelby County, Tennessee. (ECF No. 6, 6:17–18, 7:20–21.) Both accidents were investigated by the Memphis Police Department ("MPD"), who lawfully obtained Plaintiffs' information to complete Tennessee Electronic Traffic Crash Reports ("Crash Reports"). (*Id.* at 6:17–6:19, 7:21–7:23.)

Since the above events, Plaintiffs filed the instant action alleging, individually and on behalf of others similarly situated, that Defendant wrongfully disclosed, directed disclosure, endorsed disclosure, conspired to disclose, or acquiesced to the disclosure of protected personal information from Plaintiffs' Crash Reports to known unauthorized third parties for the purpose of solicitation in violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721–2725, and Tenn. Code Ann. §§ 10-7-504 (a)(9)(C), (a)(12), (a)(29)(A). (ECF No. 6, 2:3–3:5, 3:8–4:8.) Plaintiffs allege that Defendant lacked permission to disclose said personal information. (*Id.* at 5:16.) As a result of the alleged disclosures, Plaintiffs assert that they received numerous unsolicited marketing telephone calls and text messages from various entities soliciting them to seek treatment at particular medical facilities for injuries suffered in the traffic collision. (*Id.* at 8:25.)

## LEGAL STANDARD

Tennessee Supreme Court Rule 23 permits this Court to certify questions of state law to the Tennessee Supreme Court when the question is determinative of the cause of action and there is no controlling precedent in the decisions of the Tennessee Supreme Court. Tenn. Sup. Ct. R. 23 § 1. A certification decision "lies within the sound discretion of the district court." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Certification "is

most appropriate when the question is new and state law is unsettled." *Id.* "Federal courts should not grant certification every time an arguably unsettled question of state law arises[;] when there is a 'reasonably clear and principled course, [the Court] will seek to follow it . . . .'" *Atuah v. Capital Bank Corp.*, No. 3:16-cv-00869, 2016 U.S. Dist. LEXIS 97387, at *7 (M.D. Tenn. July 25, 2016) (quoting *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009)). Thus, statutory interpretation and case law that leaves a reasonably clear and principled course for the resolution of a question presented for certification may result in denial of a motion to certify. *Id.* at *7; *see also State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194–95 (6th Cir. 2015).

## ANALYSIS

The DPPA regulates the disclosure of personal information contained in the records of state motor vehicle departments. *Reno v. Condon*, 528 U.S. 141, 143 (2000). Essentially, "[t]he DPPA was enacted . . . to 'limit the release of an individual's personal information contained in his [or her] driver's license record to those who had a legitimate and lawful need for the information.'" *Moncier v. Harris*, No. E2016-00209-COA-R3-CV, 2018 Tenn. App. LEXIS 176, at *17 (Tenn. Ct. App. Apr. 5, 2018) (quoting *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1210 (11th Cir. 2005)). The DPPA does, however, define fourteen (14) exceptions or "permissible purposes" for disclosing the personal information from a motor vehicle record. *See* 18 U.S.C. § 2721(b). One of these exceptions provides that such personal information may be disclosed "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety." 18 U.S.C. § 2721(b)(14).

To assert that Defendants unlawfully disclosed information in violation of Tennessee state law, and thus the DPPA, Defendants cite the following provisions: Tenn. Code Ann. §§ 10-7-504 (a)(9)(C), (a)(12), and (a)(29)(A). (ECF No. 6, 3.) Tennessee Code Annotated Section 10-7-504(a)(9)(C) exempts from public disclosure that which is required to be kept confidential by federal law or regulation. Tenn. Code Ann. § 10-7-504(a)(9)(C). Tennessee Code Annotated Section 10-7-504(a)(12) prohibits disclosure of personal information contained in motor vehicle records that is not excepted by title 55, chapter 25 of Tennessee state law, *i.e.*, the UMVRDA. Tenn. Code Ann. §§ 10-7-504(a)(12), 55-25-101. Tennessee Code Annotated Section 10-7-504(a)(29)(A) prevents disclosure of personally identifying information where permission is not given or distribution is not authorized under state or federal law. Tenn. Code Ann § 10-7-504(a)(29)(A). Other than these three provisions, Plaintiffs cite no other state law. Moreover, Plaintiffs assert that permission was never given for purposes of disclosure. (ECF No. 6, 5:16.) Consideration of the above statutory language in light of Plaintiffs' underlying assertions reveals that Plaintiffs bring the instant claim based on the proposition that state law (namely the UMVRDA by virtue of 18 U.S.C. § 2721(b)(14)), (*see* ECF No. 30, 4), and/or federal law prevents the instant disclosure complained of. (*See* ECF No. 30, 4.)

In order to implement the federal DPPA in Tennessee, the State's "Legislature enacted the UMVRDA . . . [.]" *Id.* at *19–20 (quoting Tenn. Code Ann. § 55-25-102). The UMVRDA, like the DPPA, prohibits the disclosure of personal information obtained by the State's department of safety, department of revenue, county clerk's office when acting as an agent of these departments, or duly authorized agents or contractors thereof, in connection with a motor vehicle record. Tenn. Code Ann. § 55-25-104 ("Notwithstanding any other law to the contrary, except as provided in §§ 55-25-105 [through] 55-25-107, the department and any officer,

4

employee, agent or contractor thereof, shall not disclose personal information about any person obtained by the department in connection with a motor vehicle record.").

Pursuant to the state statute, "'Personal information means information that identifies a person, including . . . driver identification number, name, address . . . [or] telephone number. . . .' It does not include 'information on vehicular accidents, driving or equipment-related violations, and driver license or registration status.'" *Moncier*, 2018 Tenn. App. LEXIS 176, at *19 (first quoting Tenn. Code Ann. § 55-25-103(8); then citing 18 U.S.C. § 2725(3)). The term "motor vehicle record" is defined in the state statute as "any records that pertain to a motor vehicle operator's or driver license or permit, motor vehicle registration, motor vehicle title, or identification document issued by a department of safety, or other state or local agency authorized to issue any of these forms of credentials." Tenn. Code Ann. § 55-25-103(6). This definition is virtually identical to the definition of "motor vehicle record" under the DPPA. 18 U.S.C. § 2725(1) (defining the term as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles"); *see also Moncier*, 2018 Tenn. App. LEXIS 176, at *20 (finding the two (2) provisions virtually identical). Pursuant to this definition, Tennessee courts hold that a driver's license, permit identification card, motor vehicle title, and motor vehicle registration all constitute a "motor vehicle record" for purposes of the UMVRDA. *Moncier*, 2018 Tenn. App. LEXIS 176, at *20 (relying on cases interpreting the federal DPPA to ascertain the meaning of the UMVRDA).

The Motion seeking certification to the Tennessee Supreme Court seeks to certify the following question: "[W]hether crash reports generated by the MPD are considered 'motor vehicle records' under Tennessee's . . . UMVRDA." (ECF No. 30, 1.) Put another way, the

question proffered for certification is whether crash reports generated by a Tennessee police department are records that "pertain to a motor vehicle operator's or driver license or permit, motor vehicle registration, motor vehicle title, or identification document issued by a department of safety, or other state or local agency authorized to issue any of these forms of credentials." Tenn. Code Ann. § 55-25-103(6).

As Plaintiffs and Defendant contend, Tennessee courts have not determined whether crash reports generated by a state police department are considered "motor vehicle records" under Tennessee's UMVRDA. Moreover, although Tennessee courts interpreting the state Act scrupulously rely on and follow the federal DPPA and caselaw interpreting its provisions, the state and federal provisions differ in language. Indeed, the federal DPPA, in part, defers to state law for "permissible purposes" under which the personal information contemplated by the DPPA may be disclosed. 18 U.S.C. § 2721(b)(14). Based on principles of judicial efficiency, comity, and federalism, *Renteria-Villegas v. Metro. Gov't*, 382 S.W.3d 318, 320 (Tenn. 2012), as well as this Court's conclusions that the submitted question for certification is determinative of this cause of action and there is no controlling precedent in the decisions of the Tennessee Supreme Court on the issue, the Court certifies the following legal question to the Tennessee Supreme Court for determination: "[W]hether crash reports generated by the MPD are considered 'motor vehicle records' under Tennessee's . . . UMVRDA." (ECF No. 30, 1.)

## CONCLUSION

For the foregoing reasons, the Court finds that the parties' Joint Motion to Certify Question to Tennessee Supreme Court is **GRANTED**. The parties are **DIRECTED** to notify this Court of any ruling made by the Tennessee Supreme Court on the above certification

question, within thirty (30) days of said ruling. The Order administratively closing the above-styled case pending resolution of the certification question, (ECF No. 39), will remain in place.

Pursuant to Section 3 of Tennessee Supreme Court Rule 23, this certification Order contains the following:

(A) The style of the case, as set forth above;

(B) A statement of facts showing the nature of the case, the circumstances out of which the question of law arises, the question of law to be answered, and any other information the certifying court deems relevant to the question of law to be answered, as set forth above;

(C) The names of each of the parties, as stated above;

(D) The names, addresses, and telephone numbers of counsel for each party, as set forth below;

(E) A designation of Plaintiffs as the moving party.

The names, addresses, and telephone numbers of counsel for each party are as follows:

James E. Blount, IV (#19301)
1950 West Poplar
Collierville, TN 38017
(901) 529-9377

*Attorney for Plaintiffs Willis Price and Kevin Kerr*

Christopher L. Vescovo (#14156)
Justin N. Joy (#23722)
Lewis, Thomason, King, Krieg & Waldrop, P.C.
One Commerce Square
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

*Attorneys for Defendant City of Memphis*

Douglas R. Pierce (#010084)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456

*Attorney for Intervenor, Bradley Jetmore*

Pursuant to Section 4 of Tennessee Supreme Court Rule 23, the Clerk of this Court shall serve copies of this certification Order upon all counsel of record and file with the clerk of the Tennessee Supreme Court in Nashville the certification Order, under seal of this Court, as it is the certifying court, along with proof of service.

**IT IS SO ORDERED** this 8th day of February 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
