```
                                                    FILED
                                                    05/13/2019
                                                    Clerk of the
                                                    Appellate Courts
```

## IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

**WILLIS PRICE ET AL. v. CITY OF MEMPHIS EX REL. MEMPHIS POLICE DEPARTMENT**

Rule 23 Certified Question of Law
from the United States District Court
for the Western District of Tennessee

No. 2:17-cv-02772-JTF

---

No. M2019-00296-SC-R23-CV

---

### ORDER

Pursuant to Tennessee Supreme Court Rule 23, a certification order was filed in this Court on February 14, 2019, by the United States District Court for the Western District of Tennessee. Briefs have now been filed pursuant to Section 7, and, upon consideration of the certification order and the briefs filed by the parties, this Court declines certification of the following question of law:

> Whether crash reports generated by the Memphis Police Department are considered "motor vehicle records" under Tennessee's Uniform Motor Vehicle Records Disclosure Act.

Upon thorough review, the Court finds that the certified question is not one which "will be determinative of the cause" as required by Rule 23, Section 1. Tennessee enacted the Uniform Motor Vehicle Records Disclosure Act, Tenn. Code Ann. § 55-25-101 et seq. ("UMVRDA") in order to implement the federal Driver's Privacy Protection Act, 18 U.S.C. § 2721 et seq. ("DPPA"). The UMVRDA contains a definition of "motor vehicle record" that the District Court describes as "virtually identical" to the definition of "motor vehicle record" in the DPPA. Plaintiffs filed the underlying complaint under the DPPA, which preempts any contrary state law. *See Collier v. Dickinson*, 477 F.3d 1306, 1312 n.3 (11th Cir. 2007) ("[T]he DPPA preempted any conflicting state law that regulates the dissemination of motor vehicle record information. . . . Accordingly, Defendants were bound to follow the mandates of the DPPA, even though a conflicting state law may have existed.") (citing *Reno v. Condon*, 528 U.S. 141 (2000)); *State of Okl.*

*ex rel. Oklahoma Dept. of Public Safety v. U.S.*, 161 F.3d 1266, 1272 (10th Cir. 1998) (explaining that the DPPA "directly regulates the disclosure" of personal information from motor vehicle records "and preempts contrary state law"). Thus, this Court's answer to the certified question will not necessarily be determinative of this cause. Accordingly, this Court, in the exercise of its discretion, denies the certification. *See* Tenn. Sup. Ct. R. 23, § 9; *Seals v. H & F, Inc.*, 301 S.W.3d 237, 241 n.3 (Tenn. 2010).

                                                    PER CURIAM

I, James M. Hivner, Clerk, hereby certify that this is a true and exact copy of the original Order filed in the cause.
This ___ day of _____, 20__
CLERK OF COURT
By _____